**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

KOREY SANDUSKY,

 Defendant-Appellant.

No. 02-2339

**ORDER**

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

  Korey Sandusky, a federal prisoner, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 habeas petition. For substantially the same reasons set forth by the magistrate judge and adopted by the district court in its Order of October 15, 2002, we deny a COA.

  In 1999, a federal jury convicted Sandusky of conspiring to possess more than 100 kilograms of marijuana with intent to distribute, a violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B), and 846. Sandusky was sentenced to 110 months' imprisonment and four years' supervised release. He then appealed to this court, and we affirmed his conviction and sentence. United States v. Osborne, 12 Fed. Appx. 815, 2001 WL 603878 (10th Cir. June 4, 2001). On January 30, 2002, Sandusky timely filed a habeas petition under 28 U.S.C. § 2255, claiming that his trial counsel was ineffective for (1) failing to challenge at sentencing the quantity of marijuana involved in the offense, (2) failing to challenge the court's "deliberate ignorance" instruction, and (3) committing a "multiplicity of errors." (R. Doc. 1 at 38, 49, 52.) Adopting the recommendations of the magistrate judge, the district court denied the petition and dismissed the matter.

Because Sandusky's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA provides that a petitioner may not appeal a denial of habeas relief under 28 U.S.C. § 2255 unless a COA is granted. 28 U.S.C. § 2253(c)(1)(B). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

2

that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Because the district court denied Sandusky's application for a COA, we proceed to analyze whether a COA should have been granted.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the standard for determining whether counsel provided constitutionally ineffective assistance. First, the petitioner "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, the petitioner "must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

Having reviewed petitioner's appellate brief, the magistrate judge's recommendation adopted by the district court, and the material portions of the record on appeal, we conclude that Sandusky has failed to make a debatable showing that both Strickland prongs were met with respect to any of his claims. No reasonable jurist would conclude that it is debatable whether Sandusky's habeas petition should have been granted. Accordingly, Sandusky has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). Sandusky's application for a COA is **DENIED**, and the matter is

**DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge